**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

TIFFANY L. MERCER

    Debtor.
_____/

ARVIND MAHENDRU,
as Chapter 7 Trustee of the estate of
TIFFANY L. MERCER,

    Plaintiff,
v.

USAA FEDERAL SAVINGS BANK,

    Defendant.
_____/

BANKRUPTCY CASE
NO.: 6:18-bk-03597-KSJ

CHAPTER 7

ADVERSARY PROCEEDING
NO.:

## COMPLAINT

Plaintiff, Arvind Mahendru ("Plaintiff"), the Chapter 7 Trustee of the bankruptcy estate of Tiffany L. Mercer ("Debtor"), by and through undersigned counsel, hereby sues USAA Federal Savings Bank ("Defendant"), and states the following:

## PRELIMINARY STATEMENT

1. The Debtor, Tiffany L, Mercer, filed a petition for bankruptcy relief under Chapter 7 on June 15, 2018.

2. Plaintiff brings this action pursuant to Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").

1

## JURISDICTION AND VENUE

3.  This Court has jurisdiction pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(b)(2)(O), and the Standing Order of Reference of the United States District Court entered by Hon. Anne C. Conway on February 22, 2012, 6:12-MC-26-ORL-22, Middle District of Florida, referring all bankruptcy matters to the United States Bankruptcy Court for the Middle District of Florida.

## PARTIES

4.  Plaintiff, Arvind Mahendru, is the Chapter 7 Trustee of the bankruptcy estate of Tiffany L. Mercer.

5.  Debtor, Tiffany L. Mercer, is a natural person residing in Orange County, Florida, where the cause of action arose, and is a "consumer," as that term is defined by Fla. Stat. § 559.55(8).

6.  Defendant, USAA Federal Savings Bank, is headquartered in Texas, does business in the State of Florida, and is a "creditor," as that term is defined by Fla. Stat. § 559.55(5).

7.  Defendant, in the conduct of its business, uses one or more instrumentalities of interstate commerce or the mails, including without limitation to, electronic communication with Debtor.

8.  The conduct of Defendant was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or they knew in advance that the Defendant was likely to conduct itself, and allowed them to so act, with conscious disregard of the rights and safety of others. The agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendant.

9. The Defendant's communications, set forth below, were made to exhaust the Debtor's will in an attempt to have the Debtor pay a debt after all necessary information was conveyed and after all attempts and persuasion and negotiation had failed, as demonstrated by Debtor either expressly or impliedly communicating to Defendant to stop calling Debtor.

## FACTUAL ALLEGATIONS

10. Debtor was alleged to owe Defendant a debt (the "Alleged Debt"), including without limitation, the debt on Schedule F of the Debtor's bankruptcy schedules bearing account number -4422, totaling $16,013.00.

11. The Alleged Debt stems from transactions primarily for personal, family, or household purposes, and is therefore a "debt," as that term is defined by Fla. Stat. § 559.55(6).

12. Defendant called Debtor on her cellular telephone from approximately the middle of calendar year 2017 until June 2018 in an attempt to collect on the Alleged Debt.

13. Defendant called Debtor approximately two times per day, a few times per week.

14. In approximately April or May 2018, Debtor provided Defendant with the contact information of her bankruptcy attorney.

15. Defendant continued to call Debtor on her cellular telephone until approximately June 2018, even though she provided Defendant with the contact information of her bankruptcy attorney.

16. As described below, Defendant's conduct constitutes a violation of the FCCPA.

## COUNT I

## VIOLATION OF § 559.72(18) OF THE FCCPA BY DEFENDANT

17. This is an action against Defendant for violation of Fla. Stat. § 559.72(18).

18. Plaintiff realleges and incorporates paragraphs 1 through 16, as if fully set forth herein.

19. Defendant communicated, directly and/or indirectly, certain information to Debtor as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

20. Fla. Stat. § 559.72(18) provides, in pertinent part:

In collecting consumer debts, no person shall:

(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

21. Through its conduct, described above, Defendant directly and through its agents violated the above section of the FCCPA.

22. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

23. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

24. Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Defendant, as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant, finding that Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

Dated: January 4, 2019

Respectfully Submitted,

**CENTRONE & SHRADER, PLLC**
612 W. Bay St.
Tampa, Florida 33606
Phone: (813) 360-1529
Fax: (813) 336-0832

/s/ Gus M. Centrone, Esq.
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@centroneshrader.com
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@centroneshrader.com
*Attorneys for Plaintiff*